TAPPAN (UNITED STATES v.). See Case No. 16,431.

---

## Case No. 13,750.

### TAPPAN v. WHITTEMORE et al.

[15 Blatchf. 440; 18 Am. Law Reg. (N. S.) 191; 7 Reporter, 173.] [1]

Circuit Court, S. D. New York. Jan. 9, 1879.

BANKRUPTCY—GENERAL ASSIGNMENT—LIMITATION OF ACTION—TIME WHEN CAUSE ACCRUED.

B. made a general assignment, for the benefit of his creditors, to J. Two days afterwards he paid to W. money, the title to which had passed to J. by the assignment. Subsequently, T. became trustee in bankruptcy of B., and, in a suit brought by him for the purpose, obtained a decree setting aside the assignment to J., as being void under the bankrupt [of 1867 (14 Stat. 517)], and became vested with J.'s title under the assignment. He then brought suit against W. to recover said money, within 2 years after he became vested with J.'s title, but more than 2 years after the assignment in bankruptcy was made to him, as trustee: Held, that, under section 5057 of the Revised Statutes of the United States, the cause of action did not accrue for the trustee until he became vested with J.'s title.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 7 Reporter, 173, contains only a partial report.]

[This was an action by J. Nelson Tappan, trustee in bankruptcy of Archibald Baxter and Duncan C. Ralston, against Theodore W. Whittemore and Richard B. Whittemore. For prior proceedings in this litigation, see Cases Nos. 1,119–1,121.]

Abbott Bros., for plaintiffs.
Edward B. Merrill, for defendants.

WALLACE, District Judge. This case presents the single question, whether, upon the facts alleged in the complaint, which are admitted to be true, the defence of the statutory limitation of actions, prescribed by section 5057 of the Revised Statutes of the United States, can prevail. That section provides, that "no suit, either at law or in equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." The complaint shows, that the plaintiff was appointed and confirmed as trustee in bankruptcy of the estate of Archibald Baxter & Co., bankrupts, and, as such trustee, received an assignment of their estate, on the 28th of March, 1876. On the 26th of April, 1878, the plaintiff brought the present suit, to recover $2,500, paid by the bankrupts to the defendants, on the 9th of August, 1875. The complaint does not allege that the sum thus paid was paid in contravention of the bankrupt act or in fraud of the creditors of Baxter & Co., but alleges that, in fact, the money belonged to one Dwight Johnson, to whom Baxter & Co. had made a general assignment of all their property, in trust for creditors, two days before the payment, and that, when the defendants received the money, they had knowledge of the assignment, and that the money belonged to Johnson.

Upon these facts, it seems quite clear, that the cause of action did not accrue to the plaintiff at the time when, as trustee, he received an assignment of the bankrupts' estate. He could not, at that time, have maintained an action against the defendants. Of course, the bankrupts had no right of action to recover the money back, and the plaintiff, as trustee, acquired no better right than the bankrupts had, except as to property conveyed in fraud of creditors, or money or property transferred in contravention of the bankrupt act. The money which was received by the defendants was not the money of Baxter & Co. but that of Johnson, and no one, except Johnson, could have recovered it of the defendants. Subsequently, the plaintiff became vested with the cause of action. As appears by the complaint, he filed a bill to set aside the general assignment from Baxter & Co., to Johnson, as a transfer in contravention of the bankrupt act, and as

void as to the plaintiff, because made with a view to prevent the property of the assignors from being distributed under the bankrupt act; and, on the 15th of May, 1877, a decree was rendered in that action, setting aside the assignment as to the plaintiff. By force of this decree and a transfer made in obedience to it, all the property and rights of action which had passed to Johnson, under the general assignment, became vested in the plaintiff. Then, and not until then, the plaintiff was in a position to maintain an action against the defendants for the money, which, under the assignment, belonged to Johnson, but which the defendants had received without authority from Johnson. Then, and not until then, the cause of action accrued for the trustee. The statute begins to run only from the time when the assignee has a cause of action upon which he can bring suit. It is a statute to enforce vigilance and promptitude on the part of assignees, and neither its language nor the object it is designed to effect, authorizes a construction which might debar an assignee from enforcing a claim because two years may have elapsed before he has become vested with the right of action. If, in the present case, the trustee had failed, without any fault or want of diligence on his part, to obtain the decree setting aside the assignment until two years had elapsed, under the construction claimed by the defendant, he could not have maintained an action, but would have been met and defeated by the statutory bar. Thus he would be barred of his action, although he never had a cause of action. This, surely, cannot be the intent of the statute. While the cause of action arose when the money was received by the defendants, it did not accrue to the trustee until he could avail himself of it.

If it had appeared that Baxter & Co. paid the money to the defendants in contravention of the bankrupt act, or in fraud of creditors, a different result would follow, because, in such case, the plaintiff could have maintained an action against the defendants as soon as he was appointed trustee and received an assignment of the bankrupt's estate, and Johnson's title to the money would not have stood in his way. In such a case, the plaintiff would not have derived title through Johnson, or through the assignment, but through the statute, which invested him with the right of action to recover all property conveyed by the bankrupt in fraud of his creditors, or in fraud of the provisions of the bankrupt act (sections 5046, 5128, Rev. St.); and the defendants could not have interposed the assignment and Johnson's title under it, as a defence, because, as against the plaintiff, the assignment was void. Undoubtedly, when the assignment was set aside, at the suit of the trustee in bankruptcy, the title of the trustee related back to the time of the assignment. But the doctrine of relation is never

applied to defeat a remedy, and cannot be invoked to subject the plaintiff to a disability which otherwise would not exist.

Judgment is ordered for the plaintiff.

[For subsequent proceedings in this litigation, see Case No. 1,122.]